U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 JUN 25  AM 8:57

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

In re: TIMOTHY RYAN RICHARDS   )   Case No. 5:19-mc-15
                               )
                               )

## ORDER ON PETITION FOR ORDER APPROVING RELEASE PLAN
(Doc. 1)

In 2008, Petitioner Timothy Richards was convicted in the Middle District of Tennessee for multiple violations of federal law concerning production and distribution of child pornography. He received a total sentence of 16 years. Eight years of supervised release follows the period of incarceration. (Doc. 1-1.) He is subject to "special condition" No. 3 of supervised release, which provides that his residence "shall be pre-approved by the U.S. Probation Office." (*Id.* at 5.)

Mr. Richards will reach his release date in July 2019. (*See* Doc. 12.) He is currently incarcerated in Texas. He most likely will be released to the Middle District of Tennessee. He contends that he has no ties or connections with Tennessee except that he was prosecuted for crimes committed there.

During his incarceration, Mr. Richards met Max Horowitz, who was also serving a federal sentence. The two were married under Maryland law in 2017. Mr. Horowitz has completed his sentence and is subject to supervised release in the Northern District of California.

In 2018, Mr. Richards and Mr. Horowitz developed a plan to live together in Rutland, Vermont. In December 2018, Mr. Richards purchased a home in Rutland. He also requested that the U.S. Probation Office for the District of Vermont approve his move to Vermont.

The probation office denied the request by letter dated December 10, 2018. Senior U.S. Probation Officer (now Chief Deputy) Michael Cusick wrote to Mr. Richards's case manager at

FCI Seagoville in Seagoville, Texas where Mr. Richards was incarcerated to explain that the office could not approve the request because neither Mr. Richards nor his spouse had any family ties in Vermont or any history of prior residency, education, or employment in Vermont. (Doc. 1-4.)

In January 2019, the sentencing judge in the Middle District of Tennessee modified certain conditions of supervised release. (Doc. 1-2.) Special condition No. 3 was not modified, nor did the January 2019 order mention the proposed move to Vermont.

Mr. Richards filed his petition in this case on February 4, 2019. (Doc. 1.)[1] He requests that the court review the decision of the probation office denying his request to move to Vermont. (Doc. 1.) The Government opposes the request on the ground that only the sentencing court has jurisdiction over a modification of a defendant's conditions of release. (Doc. 5.) This court held a hearing on the petition on March 19, 2019 at which time the petition was taken under advisement.

## ANALYSIS

The court DENIES the petition on the merits. The court is satisfied that it has authority to supervise and review the actions of its own probation officers. It does not have authority to modify the conditions imposed by another district or to tell the Bureau of Prisons ("BOP") where an offender shall be released.

### I. Review of the Actions of the U.S. Probation Office for the District of Vermont

The parties disagree about the nature of Mr. Richards's petition. Mr. Richards asserts that the BOP has the authority to release him where it deems appropriate, including to a district

---

[1] On February 5, 2019, Mr. Richards also requested that Mr. Cusick reconsider his decision, but Mr. Cusick declined. (Doc. 4-1 at 2.)

2

other than the district of original conviction if the new district has agreed to supervise the offender. (Doc. 1 at 11.) He describes his petition as "purely" a challenge to the probation office's denial of his release plan. (*Id.*) The Government maintains that Mr. Richards's request is "at its core, a request for modification of the term of his supervised release requiring the U.S. Probation Office to pre-approve his residence." (Doc. 5 at 1.) The Government argues that only the Middle District of Tennessee has jurisdiction over Mr. Richards's supervised release. (*Id.*)

The court begins by noting that it lacks authority to modify the conditions of Mr. Richards's release. In *United States v. Murdock*, 735 F.3d 106 (2d Cir. 2013), the Second Circuit recognized the authority of the sentencing court to rule on a motion for modification of conditions related to a proposed release to the Eastern District of Michigan, where the defendant had resided prior to his incarceration. This case presents the opposite facts. While the Middle District of Tennessee clearly has the authority to rule on a modification of its own conditions, this court does not.

The nature of the petition for purposes of the court's jurisdiction is left uncertain in the petition. At oral argument, counsel for Mr. Richards described it as a petition for mandamus or other injunctive relief. The issue was not briefed. The court concludes that it can rule on the merits of Mr. Richards's challenge to the actions of the probation office. U.S. probation officers exercise authority delegated to them by the district in which they work. *See United States v. Peterson*, 248 F.3d 79, 84–85 (2d Cir. 2001) (per curiam). Delegation necessarily brings with it authority to supervise and review the actions taken on behalf of the court. "[I]n every delegation,

the court must retain the right to review findings and to exercise ultimate authority for resolving the case or controversy." *United States v. Johnson*, 48 F.3d 806, 809 (4th Cir. 1995).[2]

In this case, it is undisputed that Mr. Richards and his spouse have no ties to or supports within Vermont. Their only substantial connection is that they purchased a home here.[3] Mr. Horowitz is supervised in California and Mr. Richards will soon be supervised in Tennessee. While a transfer of supervision is possible, it must be ordered by the sentencing court with the concurrence of the receiving court. 18 U.S.C. § 3605. None of this has happened. The court accordingly focuses here on reviewing the actions of the probation office.

Under these circumstances, the court concludes that the Vermont probation office exercised reasonable judgment in denying Mr. Richards's request. His request was unsupported by any showing that the sentencing judge and the probation office in the Middle District of Tennessee support the implicit request for a change of supervision to Vermont. It was unsupported by any showing that a move to Vermont, far from any family ties or other connections, is likely to result in compliance with the comprehensive conditions of supervision which the sentencing court imposed on Mr. Richards. It was not supported by the sentencing

---

[2] Citing *United States v. Matta*, 777 F.3d 116 (2d Cir. 2015), Mr. Richards argues that the delegation of authority to the probation office cannot include authority to decide whether or not he can live in the Vermont home that he has purchased. *See id.* at 122 (district courts may delegate decisionmaking authority over "certain minor details of supervised release" but "may not delegate to the Probation Department decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion"). But Mr. Richards cites no case holding that a delegation like the one at issue in this case is unlawful, and other courts have approved similar delegations. *See United States v. Rodriguez*, 558 F.3d 408, 415 (5th Cir. 2009) (approving residence restriction requiring prior approval of probation officer).

[3] Mr. Richards also asserts that he has ties to Vermont on the basis of his "long-standing plans to move to Vermont" and his "familiarity with the area through reading the Rutland Herald for years." (Doc. 1 at 14.)

judge's recent order modifying certain conditions and omitting any reference to the proposed move to Vermont. The court exercises its supervisory authority and does not alter the Vermont probation office's decision to decline to order Mr. Richards's release to Vermont.[4]

## II. Authority to Order the BOP to Place Mr. Richards in Vermont

Mr. Richards's conditions do not state where he shall live. They state only that his residence and employment shall be pre-approved by the U.S. Probation Office. The details of his release are governed by 18 U.S.C. § 3624(d), which requires the BOP to furnish him with clothing, so-called "gate money," and "transportation to the place of the prisoner's conviction, to the prisoner's bona fide residence within the United States, or to such other place within the United States as may be authorized by the Director." These decisions are embodied within a release plan. It is really this release plan—rather than the conditions of supervision—which Mr. Richards seeks to direct through his petition.

The broad discretion to place offenders as authorized by the Director is limited by 18 U.S.C. § 3624(e), which recognizes the almost universal release of offenders to supervised release. An offender subject to conditions "shall be released . . . to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted

---

[4] Mr. Richards argues that he was entitled to a pre-deprivation hearing before the probation office denied his release plan. (Doc. 1 at 13.) It is true that, "[a]s a general rule, due process has been held to require notice and an opportunity to be heard prior to the deprivation of a property interest." *United States v. Premises & Real Prop. at 4492 S. Livonia Rd., Livonia, N.Y.*, 889 F.2d 1258, 1263 (2d Cir. 1989); *see also Chunn v. Amtrak*, 916 F.3d 204, 207 (2d Cir. 2019) ("[D]ue process ordinarily requires an opportunity for some kind of hearing *prior* to the deprivation of a significant property interest." (quoting *Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981)). The court recognizes that Mr. Richards has an interest in the Vermont home as an owner, but in his circumstances, that is not a liberty or property interest that is protected by the Due Process Clause. *Cf. Alonzo v. Rozanski*, 808 F.2d 637, 638 (7th Cir. 1986) (where Florida probation officer opposed offender's move from Illinois to Florida to live in a house he recently bought, officer's decision was not subject to the Due Process Clause; offender had only a "unilateral expectation" in his residence).

by the conditions specified by the sentencing court." *Id.* At present, that office is the probation office for the Middle District of Tennessee. Until a formal transfer takes place, it is not any district preferred by Mr. Richards.

The BOP is not a party to this case. The court has no authority to direct the BOP to send Mr. Richards to Vermont. Even if the BOP were joined in the case, the court would have to recognize the primacy of the sentencing court in the initial supervision of Mr. Richards and, therefore, the likely choice of the Middle District of Tennessee as the place for release. There would be little basis for finding that such a decision by the BOP was an abuse of discretion or otherwise in violation of law.

## CONCLUSION

At this stage of the case, the court finds no basis for overturning the decision of the probation office for the District of Vermont to withhold approval of a release plan calling for Mr. Richards's release to Vermont. This decision is without prejudice to Mr. Richards's right to seek a transfer of supervision to Vermont under 18 U.S.C. § 3605. The petition (Doc. 1) is DENIED.

Dated at Rutland, in the District of Vermont, this 25 day of June, 2019.

                                                                       Geoffrey W. Crawford, Chief Judge
                                                                       United States District Court